IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANETRA GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:15cv450-SRW |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[2]

Plaintiff commenced this action on June 25, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability insurance benefits. (Doc. 1, 12, 15). The plaintiff asserts that she is unable to work due to lower back pain, lumbago, spondylosis, radiculitis, obesity, bipolar disorder, anxiety, depression, "panic attacks," and insomnia. (Doc. 16-6 at 6). On February 7, 2014, Administrative Law Judge Angela L. Neal ("ALJ") issued an adverse decision.[3] (Doc. 16-2 at 16-27). After receiving the unfavorable decision, the plaintiff submitted new medical evidence to the Appeals Council, which considered the new

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time of the ALJ's decision and the filing of this appeal.

[3] Plaintiff was represented by counsel at the hearing before the ALJ. (Doc. 16-2 at 16).

1

evidence and denied the plaintiff's request for review. (Doc. 16-2 at 2-4). Consequently, the ALJ's adverse determination is the Commissioner's final decision (Id.); however, the Appeals Council's written denial of review is part of the final decision and is subject to judicial review. See Ingram v. Commissioner of Soc. Sec. Admin., 496 F.3d 1253, 1263 (11th Cir. 2007) ("the denial of a request for review by the Appeals Council is part of the 'final decision' of the Commissioner" and must be considered by a reviewing court).

This case is ripe for a decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. See 28 U.S.C. § 636(c). (Doc. 9, 10). For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded for additional proceedings because the Commissioner did not employ proper legal standards.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the

[Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

> (1)  whether the claimant is currently employed;
>
> (2)  whether the claimant has a severe impairment;
>
> (3)  whether the claimant's impairment meets or equals an impairment listed by the Commissioner;
>
> (4)  whether the claimant can perform his or her past work; and
>
> (5)  whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

## DISCUSSION

The plaintiff was 35 years old on the date of her hearing before the ALJ. (Doc. 15 at 2). She is able to communicate in English and completed the eleventh grade in 1996. (Id.; Doc. 16-6 at 5, 7). Plaintiff has past relevant work experience as a creeler, assembler, OES operator, and hand trimmer. (Doc. 15 at 2; Doc. 16-6 at 7).

The ALJ found that plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine status post transforaminal lumbar interbody fusion, obesity,[4] essential hypertension, bipolar disorder, and panic disorder (20 CFR § 404.1520(c))." (Doc. 16-2 at 18). She concluded that none of plaintiff's severe impairments meets a listing requirement. (Id. at 19). After relying almost entirely on opinion evidence supplied by a non-examining, consultative physician, Dr. Robert Estock, M.D.,[5] and upon consideration of the record, the ALJ determined that plaintiff has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except that the individual can never operate foot controls with the left lower extremity. She can never climb ladders or scaffolds, balance, kneel, or crawl. The claimant should never work at unprotected heights or around dangerous moving mechanical parts. She is limited to simple, routine, and repetitive tasks and making simple work related decisions. She can occasionally interact with supervisors, coworkers, and the general public. She is limited to tolerating few changes in a routine work setting.

(Id. at 22). Based upon the RFC determination, the ALJ found that plaintiff could not perform her past relevant work. (Id. at 25). After considering the testimony of a vocational expert, the ALJ concluded that the plaintiff is not disabled because she can perform tasks required by jobs that exist in significant numbers in the national economy. (Id. at 26-27).

---

[4] The plaintiff weighed 392 pounds on the date of her hearing. The ALJ and plaintiff discussed plaintiff's weight and diet on the record; the ALJ offered the plaintiff advice on healthier food choices and counseled the plaintiff to consult with a nutritionist. (Doc. 16-2 at 36, 41-42).

[5] The ALJ states that her "findings are in substantial agreement with those of [] Dr. Estock" and she assigned his opinion "great weight as a non-examining source who has program knowledge." (Doc. 16-2 at 20). She notes that Dr. Estock "determined that the [plaintiff] is not disabled." (Id.).

The plaintiff raises three issues on appeal. Plaintiff argues that the ALJ's Residual Capacity Function ("RFC") determination is not consistent with the medical opinion evidence supplied by Dr. Estock – i.e., the ALJ afforded his opinion "great weight" but the ALJ did not include all of Dr. Estock's limitations in the plaintiff's RFC and she did not provide an explanation for the exclusion. (Doc. 12 at 3-7; Doc. 16-2 at 20). Plaintiff also argues that "new evidence" from treating medical sources that she submitted to the Appeals Council "renders the denial of benefits erroneous" and "warrants remand." (Doc. 12 at 7, 8). Finally, the plaintiff contends that the ALJ failed to develop a complete medical history pursuant to 20 C.F.R. § 404.1512(d).[6] (Id. at 11). The plaintiff's first argument and, to an

---

[6] 20 C.F.R. § 404.1512(d) provides as follows:

> Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.
>
> (1) "Every reasonable effort" means that we will make an initial request for evidence from your medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one followup request to obtain the medical evidence necessary to make a determination. The medical source will have a minimum of 10 calendar days from the date of our followup request to reply, unless our experience with that source indicates that a longer period is advisable in a particular case.
>
> (2) By "complete medical history," we mean the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application. If you say that your disability began less than 12 months before you filed your application, we will develop your complete medical history beginning with the month you say your disability began unless we have reason to believe your disability began earlier. If applicable, we will develop your complete medical history for the 12-month period prior to (1) the month you were last insured for disability insurance benefits (see § 404.130), (2) the month ending the 7-year period you may have to establish your disability and you are applying for widow's or widower's benefits based on disability (see § 404.335(c)(1)), or (3) the month you attain age 22 and you are applying for child's benefits based on disability (see § 404.350(e)).

even greater degree, the second argument provide a meritorious basis to remand this cause for additional proceedings before the Commissioner.

The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) and Wiggins v. Schweiker, 679 F.2d 1387, 1389-90 (11th Cir. 1982)).  Failure to do so is reversible error. Id. (citations omitted).  The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhard, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted).  The Commissioner must clearly articulate her reasons for disregarding a treating physician's opinion, and the failure to do so is reversible error. Lewis, 125 F.3d at 1440 (citation omitted); see also 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").  Here, there is insufficient information in the ALJ's written decision – and, separately, in the Appeals Council's denial of review – for the court to be assured that plaintiff's treating physicians' opinions were given proper weight or that good cause exists for discounting those opinions.

Specifically, and for the reasons discussed *infra*, the court finds that the Commissioner did not articulate reasons that rise to the level of good cause in either the ALJ's written decision or in the Appeals Council's denial of review for failing to give substantial weight to the opinions of plaintiff's treating physicians – Dr. Douglas Pahl, M.D., plaintiff's treating orthopedic surgeon, and Dr. Jasmine Naheed, M.D., plaintiff's

7

treating psychiatrist.[7] See Ingram, 496 F.3d at 1260 ("The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.") (bracketed text in original); Phillips, 357 F.3d at 1240 (treating physician is entitled to substantial weight unless the Commissioner articulates good cause for assigning lesser weight).  As a practical matter, remand for the reasons discussed herein will necessitate consideration by the Commissioner of the evidence supplied to the Appeals Council; this evidence may enable the Commissioner to reevaluate the plaintiff's RFC, and allows for the possibility of further development of the record as appropriate.[8]  Thus, the court does not consider plaintiff's remaining arguments.

As mentioned above, the plaintiff filed a timely appeal of the ALJ's adverse decision to the Appeals Council. She also submitted new medical evidence in the form of functionality reports and medical records from "the Hartford," an insurance company that pays disability insurance benefits to plaintiff, and from Dr. Naheed of "West Georgia Psychiatric" dated February 13, 2012 through July 1, 2013.  (Doc. 16-2 at 5).  The records from the Hartford supplement medical records and a functionality report provided by Dr.

---

[7] A "physician" is qualified to give "medical opinions" as a matter of law.  20 C.F.R. § 404.1527(a)(2).  The Commissioner is obligated to consider the medical opinions of a claimant's treating physicians.  20 C.F.R. § 404.1527(c).

[8] The court does not make any finding on the merits of the plaintiff's arguments that the record is insufficiently developed or that the RFC is erroneous.  It is entirely possible that the Commissioner will decline to alter the RFC or the ultimate disability determination after considering the evidence of record in accordance with relevant legal principles. As explained *infra*, the inclusion of opinion evidence from physicians who are treating medical sources without an explanation from the Commissioner about the weight assigned to those opinions is legal error in that it fails to provide this court with a sufficient record to review the Commissioner's conclusions of law.

Pahl – whom plaintiff identifies as her treating orthopedic surgeon – which were in the Administrative Record at the time of plaintiff's hearing before the ALJ. (Doc. 12 at 9). Dr. Pahl completed the functionality reports for the Hartford. (Doc. 16-8 at 2-8; Doc. 16-11). Dr. Pahl's functionality report (Doc. 16-8 at 2-8) is referenced by the ALJ; however, she does not identify Dr. Pahl by name and does not discuss his status as plaintiff's treating physician.[9] (Doc. 16-2 at 24). Likewise, the Appeals Council does not explain its rejection of Dr. Pahl's limitations contained within the new opinion evidence. (Doc. 16-2 at 2-4; Doc. 16-11 at 3-8).

Plaintiff also provided to the Appeals Council a completed "questionnaire" by Dr. Naheed that is dated June 4, 2012. (Doc. 16-4 at 10-20). In denying plaintiff's request for review, the Appeals Council "considered … the additional evidence" and "found no reason to review the [ALJ's] decision." (Doc. 16-2 at 2-3). The Appeals Council did not indicate whether it gave the opinion evidence supplied by a treating medical source substantial weight, nor did it articulate good cause for assigning lesser weight.

The Appeals Council's written denial is the Commissioner's final word on the new medical evidence supplied by the plaintiff. That evidence contains at least one opinion from plaintiff's treating physician, and the written denial is silent on what weight, if any,

---

[9] Without naming Dr. Pahl or indicating that he is a treating physician and a specialist, the ALJ states that the plaintiff's "physician limited her to light work duty" in 2012, and "[t]his is given appropriate weight, as it is not inconsistent with my findings which are more restrictive, taking the overall record into account." (Doc. 16-2 at 24). In the exhibits cited by the ALJ to support this conclusion, Dr. Pahl indicates that plaintiff is restricted to light work and that she has "lift/carry/push/pull" and "bending" limitations. (Doc. 16-8 at 2-4). Those limitations are not reflected in the RFC, and the Commissioner does not explain the reason for their absence in light of Dr. Pahl's opinions on those issues. In other words, the RFC is not based on substantial evidence or in accord with proper legal standards because it is unclear that Dr. Pahl's opinions were given substantial weight.

9

was given or any reasons for failing to assign substantial weight. The Appeals Council also adopted the ALJ's written decision as the Commissioner's final determination; however, the ALJ never had the opportunity to consider the new opinion evidence. Thus, the record is devoid of information from which the court could determine whether proper legal standards were employed with respect to the new opinion evidence before the Appeals Council – i.e., that the new evidence was either given substantial weight or that good cause exists for assigning of lesser weight. The lack of discussion on this point causes the Commissioner's final decision to run afoul of established Eleventh Circuit precedent and 20 C.F.R. § 404.1527(c)(2). See Phillips, Lewis, and MacGregor, *supra*.

The ALJ's written decision provides a thorough discussion of Dr. Estock's opinions, which the ALJ assigns "great weight." (Doc. 16-2 at 19-20). In contrast, the ALJ provides very little insight regarding her judgment as to the opinion evidence provided by Dr. Pahl and Dr. Naheed, plaintiff's treating orthopedic surgeon and psychiatrist. The ALJ refers to medical records and opinion evidence supplied by Dr. Pahl (Doc. 16-2 at 24), and the written decision suffers from the same deficits as the Appeals Council's denial of review – i.e., there is no mention that Dr. Pahl is a treating medical source with an area of specialty and no indication what weight the ALJ assigned to Dr. Pahl's opinion evidence, or any basis for assigning less than the substantial weight to which a treating physician with a specialty is entitled.

As to Dr. Naheed, the ALJ refers to

> an opinion … which is presumably from Dr. Naheed. It was tucked behind an imaging report. The opinion indicates that the [plaintiff] can do no work. However, it is unclear who it is actually from, and appears that the individual

> only saw the claimant twice anyway. I give this opinion little weight, noting that there is little information referenced to support it.

(Doc. 16-2 at 25). This portion of the ALJ's opinion is difficult to follow – the ALJ twice admits that she is unsure of the source of the "opinion," but, in contrast to that admission, she makes a finding of fact that Dr. Naheed is the author, without explanation. That finding is not supported by substantial evidence. The ALJ proceeds to discount the opinion on the basis that "the individual only saw the [plaintiff] twice;" however, treatment notes in the Administrative Record demonstrate that Dr. Naheed "saw" the plaintiff seven times between February 23, 2012 and November 16, 2012. (Id.; Doc. 16-8 at 9-37).

In short, the discussion of the "Naheed" opinion, which may or may not be authored by an acceptable medical source or a treating physician, is based on the ALJ's conjecture, which is not substantial evidence. The court reviewed the exhibit and is unable to determine the author's identity. (Doc. 16-7 at 61-63). Dr. Naheed's name is not present in Exhibit 5F, but Dr. Pahl's name appears on the first page of the "imaging report." (Id.). Assuming *arguendo* that Dr. Naheed is the author of the "Naheed" opinion, the ALJ's written decision does not meet the standards of MacGregor, Phillips, and Lewis, *supra*, in that there is insufficient explanation for the ALJ's failure to give the opinion substantial weight. Also, the finding is not based on substantial evidence. An acknowledgement that Dr. Naheed "only saw the claimant twice anyway," which does not accurately characterize the evidence showing seven office visits, is not good cause for discrediting a treating specialist's opinion in favor of Dr. Estock's opinion – a non-examining, consultative physician who never saw the plaintiff and who is not a specialist in the area of psychiatry.

11

The ALJ's thorough discussion of Dr. Estock's opinions notwithstanding, the ALJ's written decision is not sufficiently developed as to the assignment of weight to plaintiff's treating physicians' opinion evidence. Consequently, the decision is not in conformity with correct legal standards and remand is appropriate.

In summary, it is not evident that the Appeals Council or the ALJ considered Dr. Pahl's or Dr. Naheed's history of treating the plaintiff for her severe impairments, their areas of specialization, or their status as the plaintiff's treating physicians. See Wilcox v. Comm'r, Soc. Sec. Admin., 442 F. App'x 438, 440 (11th Cir. 2011) (a treating physician's opinion testimony is entitled to substantial weight unless the Commissioner articulates good cause for assigning lesser weight and "the opinions of specialists regarding medical issues related to his area of specialty generally are given more weight than the opinions of non-specialists"); Lewis, *supra* (the Commissioner must articulate adequate reasons for failure to give a treating physician's opinion substantial weight). This is error.

## CONCLUSION

Accordingly, for the reasons discussed, the decision of the Commissioner will be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion.

DONE, on this the 31st day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge